*Joseph W. Congdon, Vincent & Carpenter,* and *Samuel W. K. Allen,* for different respondents.

---

JOHN B. HENNESSY *vs.* JOHN D. MASTERSON.

In an action brought by the holder of a promissory note against the first indorser, the defendant under Public Laws R. I. cap. 563 of April 20, 1876, summoned in the maker and second indorser as co-defendants.

*Held,* that judgment should be entered against the maker and first indorser only.

*Held,* further, that the second indorser had been improperly summoned in.

As matters of practice under Public Laws, cap. 563:

*Held,* that a time for appearance should be named in the summons.

*Held,* further, that the judgment should in terms be entered against one defendant as principal and the other as indorser.

*Held,* further, that the execution should contain an order to the officer, referring to the statute, to exhaust the property of the maker before levying on that of the indorser.

ASSUMPSIT. Heard by the court, jury trial being waived.

*March* 1, 1879. POTTER, J. This is, we believe, the first case in which any proceedings have been had under Pub. Laws R. I. cap. 563, § 2, April 20, 1876 ; the section is as follows:

" SEC. 2. The plaintiff may join as defendants in the same action all or any persons severally, or jointly and severally, liable

in any contract, or specialty, including any or all of the parties to a bill of exchange, or a promissory note, and in any such action the judgment shall be rendered against such of the defendants only as may be liable therein, and such, if any, as shall not be liable shall recover costs against the plaintiff; and the court may, upon motion of a defendant in any such case, consolidate all pending actions or suits brought against the several parties to such contract or specialty, or may order other parties to the contract or specialty to be made ·defendants and to be summoned in to answer to such action or suit; and in all such cases, while the property of a surety, indorser, or drawer may at any time be attached, that of the promisor, acceptor, or principal, properly before the court, if any he has within its jurisdiction, if not attached on the original writ, it may be attached on mesne process or execution, and shall be first applied in the satisfaction of any judgment recovered therein."

In the present case the note sued on was in the following terms:

" $400.    Providence, November 16, 1876.    One year after date I promise to pay to the order of John D. Masterson four hundred dollars, with interest at the rate of eight per cent. per annum, and at that rate until paid; value received.

" WILLIAM GOODWIN."

And on the back thereof these two names appeared : —

JOHN D. MASTERSON.                    JOHN ARMSTRONG.

The suit is by the plaintiff as holder of the note against Masterson, the first indorser. And on the trial the defendant moved to summon in said Goodwin and Armstrong, and make them defendants in said suit.

As to Goodwin, the maker of the note, there can of course be no question. But so far as appears, Armstrong is only a second indorser, and of course only liable after the defendant, Masterson. While the holder of the note could have made them all parties, they being all liable to him, it is very obvious that a defendant can have no right to make any one who is only liable subsequently to himself a co-defendant. He could obtain no relief by it if he could. And it does not anywhere appear that said Armstrong was ever legally notified so as to hold him as indorser.

In the present case neither party has appeared or answered, although a sufficient time has elasped. But in all such cases hereafter, we shall make it a rule to name in the summons a time for appearance.[1]

The first portion of the section has been for some time the law in England and also in New York. The latter portions are apparently intended to provide details for carrying it into effect in certain cases; and the provision under which the present motion is made was also added.

By § 15 of cap. 563, it is provided that the forms of judgment, process, &c., may be varied by the court as the circumstances of the case may require.

In some cases, as in cases of damages on bills of exchange, the judgments would be for different amounts. In the present case the amount for which the maker and indorser are liable must be the same. But the judgment should state that it is against one as principal and the other as indorser, and the execution should contain a direction, with a reference to the statute, that the property of Goodwin, the maker, if he has any within this jurisdiction already attached, or if his property is hereafter taken on execution, shall be first applied to the debt.

Judgment to be entered against the maker and the first indorser.

*John Chorlton*, for plaintiff.

*William B. Beach*, for defendant.

---

[1] The summons was as follows in the case at bar :

THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS.

PROVIDENCE, Sc.   *To the Sheriffs of our several Counties, or to their Deputies.*

*Greeting :* We command you to summon William Goodwin and John Armstrong (if they may be found in your precinct), to answer the complaint of John B. Hennessy against John D. Masterson, at the Supreme Court now holden at Providence, within and for our said County of Providence, forthwith, in an action of the case upon a promissory note, to which action they, said Goodwin and Armstrong, have been made parties by said court, which action is now pending in said court, as by declaration to be filed in court will be fully set forth : Hereof fail not, and make true return of this writ, with your doings thereon.

Witness, HON. THOMAS DURFEE, Chief Justice of our Supreme Court, at Providence, this 13th day of April, in the year 1878.

CHARLES BLAKE, *Clerk.*